McGREGOR W. SCOTT
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration
DENNIS J. HANNA
Special Assistant United States Attorney

    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone: (415) 977-8943
    Facsimile: (415) 744-0134
    E-Mail: Dennis.Hanna@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| KEVIN SHEPPARD, ) <br> ) <br>     Plaintiff, ) <br> ) <br>         v. ) <br> ) <br> MICHAEL J. ASTRUE[1], ) <br> Commissioner of Social Security, ) <br> ) <br>     Defendant. ) <br> _____) | CIVIL NO. 2:06-CV-01693-DAD <br><br> STIPULATION AND ORDER OF VOLUNTARY REMAND AND DISMISSAL OF CASE, WITH DIRECTIONS TO CLERK TO ENTER JUDGMENT |

    IT IS HEREBY STIPULATED by the parties, through their undersigned attorneys, and with the approval of the Court as provided below, that the Commissioner has agreed to a voluntary remand of this case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

    Upon remand, this case will be assigned to an Administrative Law Judge ("ALJ"), who will be directed to follow the appropriate sequential evaluation, pursuant to 20 C.F.R. § 416.920, in order to determine whether Plaintiff is under a disability taking into consideration all of his impairments,

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

including any drug abuse or alcoholism ("DAA") and then, if Plaintiff is found disabled, the ALJ will determine whether his DAA is a contributing factor material to the determination of disability, pursuant to 20 C.F.R. § 416.935.  The ALJ also will be instructed to reassess Plaintiff's residual functional capacity and propound hypothetical questions, based on all the evidence of record reflecting all of Plaintiff's exertional and non-exertional limitations, to a vocational expert.  Because Plaintiff has filed a subsequent application for benefits, the ALJ will be instructed to associate the files and issue a new decision on the consolidated claims.

It is further stipulated that the administrative decision is hereby vacated and that the Clerk of this Court shall be directed to enter a separate judgment herein, as provided for under Rules 58 and 79(a) of the Federal Rules of Civil Procedure, pursuant to <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S. Ct. 2625 (1993).

Respectfully submitted,

Dated: *April 27, 2007*       */s/ Jesse S. Kaplan*
                              *(As authorized via facsimile)*
                              JESSE S. KAPLAN
                              Attorney for Plaintiff

Dated: *April 27, 2007*       McGREGOR W. SCOTT
                              United States Attorney
                              LUCILLE GONZALES MEIS
                              Regional Chief Counsel, Region IX
                              Social Security Administration

                              */s/ Dennis J. Hanna*
                              DENNIS J. HANNA
                              Special Assistant U.S. Attorney

                              Attorneys for Defendant

ORDER

APPROVED AND SO ORDERED.

DATED: April 30, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.socsec/sheppard1693.stipord